[Cite as *In re B.D.*, 2018-Ohio-3945.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| B.D. AND I.D. | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| | : | Case Nos.  18 CAF 01 0003 |
| | : | 18 CAF 01 0004 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Juvenile Division, Case Nos.
15-01-0056-AB and 15-01-0057-AB


JUDGMENT:                                   Affirmed


DATE OF JUDGMENT:                    September 27, 2018


APPEARANCES:

For Appellants                                  For Appellee

HEATHER AND ADAM MAY, Pros Se      KATHERYN L. MUNGER
187 Ramshorn Road                        140 North Sandusky Street
Dudley, MA  01571                          3rd Floor
                                                     Delaware, OH  43015

For Mother
                                                     Guardian Ad Litem
LOIS PALAU
2 West Winter Street                       PAMELLA LAMMON
Delaware, OH  43015                       103 North Union Street
                                                     Suite B
                                                     P.O. Box 387
For Children                                    Delaware, OH  43081

O. ROSS LONG
125 North Sandusky Street
Delaware, OH  43081

*Wise, Earle, J.*

{¶ 1}   Appellants, Heather and Adam May, appeal the December 6, 2017 judgment entries of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division, terminating the cases.  Appellee is the Delaware County Department of Job and Family Services.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On April 17, 2014, a Kentucky court granted "permanent legal custody" of B.D. born March 28, 2010, and I.D. born September 17, 2001, to their maternal aunt and uncle, appellants herein.  At the time, appellants resided in Ohio and the children and their mother resided in Kentucky.  Thereafter, mother moved to Illinois.  Because none of the parties no longer resided in Kentucky, Kentucky ceded jurisdiction to Ohio; however, the cases were never properly certified to Ohio.

{¶ 3}   In July 2014, mother filed custody cases in the juvenile court in Delaware County, Ohio (Case Nos. 14071592-AD and 14071593-AD).

{¶ 4}   On January 14, 2015, the children's guardian ad litem filed complaints in the juvenile court in Delaware County, Ohio, alleging the children to be dependent children (Case Nos. 15-01-0056-AB and 15-01-0057-AB).[1]  These cases are the subject of these appeals.  The complaints alleged appellants were planning a move to Massachusetts and were unsure whether they would retain custody of the children.  The complaints sought court ordered protective supervision by appellee and temporary custody of the children to appellants.

---

[1]The filings in each case are identical.  A third case for a third child was filed but later dismissed because the child reached the age of majority (Case No. 15-01-0058-AB).

{¶ 5}   A shelter care hearing was held before a magistrate on January 15, 2015. By decision filed January 30, 2015, the magistrate indicated the children's mother and appellants were present.  Appellants admitted to dependency and temporary custody of the children was given to appellee.  The trial court approved and adopted the magistrate's decision.  The children were placed in foster care.

{¶ 6}   At some point, appellants moved to Massachusetts as planned; proceedings continued in Ohio.

{¶ 7}   A hearing before a magistrate was held on March 4, 2015.  By decision filed March 6, 2015, the magistrate indicated the children's mother and appellants were present.  Mother admitted to dependency and appellants requested reunification with the children.  The children were adjudicated dependent and ordered to remain in appellee's temporary custody (foster care).  The trial court approved and adopted the magistrate's decision.

{¶ 8}   Hearings on appellants' request for reunification were held before a magistrate on June 8, and July 2, 2015.  Pursuant to a notice by appellee filed August 6, 2015, the initial ICPC (Interstate Compact on the Placement of Children) from Massachusetts was approved and appellee had placed the children with appellants in Massachusetts on August 3, 2015.  By decision filed August 27, 2015, the magistrate indicated the children's mother and appellants were present at the hearings.  After outlining the testimony from a number of witnesses, the magistrate ordered that the children remain in appellee's temporary custody with placement to appellants in Massachusetts.  The ICPC home study of appellants' home was to be completed and approved.  The magistrate further ordered that Massachusetts shall supervise and

oversee the placement of the children, and Ohio would retain jurisdiction until such time as Massachusetts formally notifies appellee that it agrees to and approves of legal custody to appellants, at which time appellee may terminate the cases. The trial court approved and adopted the magistrate's decision.

{¶ 9} All parties filed objections. Appellants filed additional objections to appellee's semi-annual review reports, as well as administrative appeals in Franklin County, Ohio.

{¶ 10} On February 12, 2016, appellants filed a motion to stay the proceedings on legal custody. Appellants argued circumstances have changed since the hearings because of issues arising from the definition of "legal custody" in Ohio relative to the law in Massachusetts, financial assistance might be available to the children if the disposition was permanent in nature, mother of the children was sentenced to thirty months in prison on a felony offense, Massachusetts has not approved the ICPC home study or discharged the case, and appellants' future employment and income were uncertain. On August 9, 2016, all issues were stayed to give the parties an opportunity to work on the complicated legalities of the situation.

{¶ 11} On November 1, 2016, appellee filed a motion to terminate its temporary custody and terminate the cases because there was no longer a protective need. A hearing on all pending matters was held on December 19, 2016. The trial court was informed that appellants had filed a writ of prohibition with the Supreme Court of Ohio, asking the court to prohibit the trial court from ruling on the motion to terminate. By judgment entry filed same date, the trial court continued appellee's temporary custody of the children with placement to appellants.

{¶ 12} On April 24, 2017, an entry was filed by the Supreme Court of Ohio dismissing appellants' writ.

{¶ 13} On July 3, 2017, appellee filed a second motion to terminate the cases pursuant to R.C. 2151.415 as the children have been in its temporary custody for two years.

{¶ 14} On July 14, 2017, the trial court filed a judgment entry ruling on all the objections filed to the magistrate's August 27, 2015 decision and the semi-annual reviews. Some were granted, some were denied, and some were rendered moot. The trial court agreed once appellee was granted legal custody, it had the sole authority to determine placement; therefore, the magistrate erred in designating a specific placement for the children (appellants) and the trial court vacated the order. The trial court also found the magistrate failed to include findings on best interests and reasonable efforts in its written decision, so the trial court entered the findings. The trial court denied appellee's first motion to terminate the cases and ordered a hearing on the second motion to terminate.

{¶ 15} On July 31, 2017, appellants withdrew their request for legal custody because Massachusetts would not approve the ICPC because an award of "legal custody" was not permanent in nature. Appellants desired a more permanent placement such as adoption. Appellants argued appellee was legally obligated to file a motion for permanent custody.

{¶ 16} On August 23, 2017, appellants filed a proposal to review and modify the case plan. Appellants wanted the case plan permanency goal modified from permanent placement with relative to permanent custody to appellee.

{¶ 17} On August 29, 2017, counsel for the children filed a motion for permanent custody to appellee. By judgment entry filed September 7, 2017, the trial court denied the motion, concluding that only appellee or a guardian ad litem could file such a motion. After giving the parties sufficient time, neither appellee nor the guardian ad litem filed a motion for permanent custody.

{¶ 18} By judgment entry filed December 6, 2017, the trial court granted appellee's second motion to terminate the cases. The trial court found it was in the children's best interests to remain in the physical custody of appellants; however, the trial court concluded it did not have a viable legal option under Ohio law to make such an order. Therefore, the trial court terminated the cases in their entirety.

{¶ 19} Appellants filed an appeal in each case and this matter is now before this court for consideration. The assignments of error are identical in each case:

I

{¶ 20} "THE TRIAL COURT ERRED BY NOT ENSURING CONSTITUTIONALLY ADEQUATE DUE PROCESS AND PROCEDURAL DUE PROCESS."

II

{¶ 21} "THE TRIAL COURT ERRED BY NOT ENFORCING THE RULES AND REGULATIONS OF THE INTERSTATE COMPACT ON THE PLACEMENT OF CHILDREN."

III

{¶ 22} "THE TRIAL CORT ERRED BY FAILING TO PROTECT THE CHILDREN'S AND THE MAYS' CONSTITUTIONAL RIGHT TO EQUAL PROTECTION."

IV

{¶ 23} "THE TRIAL COURT ERRED BY NOT CONFIRMING THAT DCDJFS HAD TAKEN THE NECESSARY STEPS TO FINALIZE THE CHILDREN'S PERMANENCY PLAN."

I, II, III, IV

{¶ 24} At the outset, we note appellants' arguments in their brief do not logically follow the listed assignments of error or the claimed issues presented for review. We will address appellants' arguments as they relate to the appealed from judgment entries wherein the trial court granted appellee's second motion to terminate the cases.

{¶ 25} In its December 6, 2017 judgment entries terminating the cases, the trial court reviewed the procedural history of the cases, the interplay of Kentucky, Ohio, and Massachusetts law, the dispositional and termination options in Ohio dependency actions, and the best interests of the children. The trial court found the best interests of the children would be to remain with appellants. The trial court went on to ask and conclude the following:

> How, then, may this Court effectuate their continued placement with Mr. and Mrs. May? The Court may not grant further extensions of temporary custody in these matters. The decisions and positions of the parties, the terms of the ICPC and the incongruous language used in the custody statutes of the three states at issue in these convoluted cases have forced this Court into having one, and only one, possible order at this juncture that would permit the children to remain in the care and 'permanent custody' of Mr. and Mrs. May.

If the Court may not extend and may not reunify, may not make a new legal custody order, and the parties who could file for permanent custody will not do so, the Court is left with only one available procedural option that retains placement and custody that is in the best interests of the children.

**IX. Conclusion**

It is in the best interests of [B.] and [I.D.] that they remain in the physical and legal custody of their aunt and uncle, Mr. and Mrs. May. Because this Court has no viable legal option under Ohio law to make a new order to that effect, and because termination of all Ohio orders will cause a reversion to the Kentucky order of 'permanent custody' – an order that would require a showing of a change in circumstances in order for the children to later be removed from the home of Mr. and Mrs. May pursuant to R.C. 3109.04(E), an order terminating these cases in their entirety is in the best interests of the children in this matter.

{¶ 26} In their appellate brief, appellants make broad generalizations and sweeping claims of due process and equal protection violations, citing federal statutes and United States Supreme Court cases. Appellants cite large portions of statutes and laws with very little argument as to how it pertains to their cases and the trial court's decision to terminate the cases. It is difficult to ascertain exactly what appellants are challenging. We note any due process and equal protection arguments made on behalf

of the children are moot as the children are represented by counsel and are not parties to these appeals.

{¶ 27} First, appellants appear to be arguing the trial court did not expend reasonable efforts to prevent the removal of the children from their home and facilitate reunification.

{¶ 28} Prior to the commencement of the Ohio proceedings, the children had been in appellants' custody for approximately twelve months pursuant to a court order out of Kentucky. At the time of the Kentucky proceedings, appellants resided in Ohio and the children's mother lived in Kentucky. At some point, mother moved to Illinois. Because none of the parties lived in Kentucky, the Kentucky court terminated the cases.

{¶ 29} On January 14, 2015, the children's guardian ad litem in Ohio filed complaints alleging the children to be dependent because appellants were moving to Massachusetts and according to the complaints, appellants "have vacillated as to whether they will retain custody of the minor children." During the shelter care hearing held on January 15, 2015, appellants admitted the children were dependent. *See* Magistrate's Decision filed January 30, 2015. As a result, the children were placed in appellee's temporary custody and entered foster care.

{¶ 30} The reason the children were removed from appellants' home was due to their own actions. Less than two months later, appellants attended a hearing on March 4, 2015, and requested reunification with the children. After the initial ICPC from Massachusetts was approved, appellee placed the children with appellants in Massachusetts on August 3, 2015, where the children apparently remain to this day. Any arguments relative to removal and reunification are moot.

{¶ 31} Secondly, appellants appear to make arguments regarding foster care maintenance payments. These are issues they raised in administrative appeals they filed in Ohio which are not the subject of the judgment entries appealed from.

{¶ 32} Thirdly, appellants argue permanency under R.C. 2151.415(D). Appellants argue the children did not receive permanency hearings in July 2016 and 2017 pursuant to R.C. 2151.417(C) and Juv.R. 36 and 38(B). In their appellate brief at 34, appellants cite R.C. 2151.417(G)(4) in support. Said section obligates a trial court to conduct review hearings and "determine what actions are required" "[i]f the child is in permanent custody." Appellee recommended legal custody and did not seek permanent custody, finding compelling reasons that permanent custody was not in the children's best interests for the reasons set forth in its reply to counsel for the minor children's memorandum in opposition filed August 25, 2017. Appellee did not file a motion for permanent custody consistent with the dictates of R.C. 2151.413(D). R.C. 2151.417(G)(4) does not apply in this case. Administrative review hearings and review hearings before a magistrate were conducted on March 31, May 6, and July 13, 2015, January 8, May 23, July 1, and December 19, 2016, and January 3, and June 30, 2017. Appellee filed its second motion to terminate the cases on July 3, 2017 because the children had been in its temporary custody for two years. We do not find the trial court failed to conduct the required review hearings.

{¶ 33} Appellants do not appear to argue any specific findings or decisions made by the trial court in its December 6, 2017 judgment entries granting appellee's second motion to terminate the cases. The trial court conducted a thorough analysis of its options under Ohio law and we do not find any error in the trial court's decision to terminate the

cases.  The children had been in appellee's temporary custody for over two years and appellee had no intention of moving for permanent custody.  Appellants are now in the exact same position as they were prior to the dependency action that they caused, i.e., "permanent legal custodians" of the children pursuant to the Kentucky order. Furthermore, as noted by the trial court in its judgment entry at 15: "An Ohio Court has no authority to alter the custodial order of another state unless that order has been validly transferred to it, and the order from Kentucky granting 'permanent custody' to Mr. and Mrs. May was never subject to an ICPC action and, thus, never certified to Ohio."

{¶ 34} Upon review, we find the trial court did not err in granting appellee's second motion to terminate the cases.

{¶ 35} Assignments of Error I, II, III, and IV are denied.

{¶ 36} The judgment of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division is hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Gwin, J. concur.


EEW/db 95